UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GERMAINE WATKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-617-RLB** |
| **COMMISSIONER SOCIAL SECURITY ADMINISTRATION, et al.** | |

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEY FEES**

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), filed on October 30, 2013. (R. Doc. 16). The Commissioner filed a response to the Motion on November 20, 2013. (R. Doc. 18).

In this action, Plaintiff appealed the Commissioner of the Social Security Administration's denial of his application for disability benefits. (R. Doc. 1). The Court ruled in favor of Plaintiff reversing the decision of the Commissioner and remanding the claim for further proceedings under sentence four of 42 U.S.C. § 405(g). (R. Doc. 14). Plaintiff then filed the present Motion.

**I.  LAW AND ANALYSIS**

The Equal Access to Justice Act ("EAJA") provides that a court shall award attorney's fees and costs to a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

The parties do not dispute that the Plaintiff is the prevailing party who filed a timely application for fees. Defendant concedes that Plaintiff is entitled to recover the reasonable fees. Therefore, the award of reasonable attorney's fees is proper in the instant case.

Having determined that Plaintiff is entitled to attorney's fees under the EAJA, the Court must determine what amount of fees would be considered reasonable. The starting point in the reasonableness inquiry is to multiply a reasonable hourly rate by the number of hours reasonably expended by Plaintiff's counsel.

### A.     Reasonable Hourly Rate

Plaintiff requests an award of attorney's fees calculated at $171.26 per hour. (R. Doc. 16-3 at 2). The Commissioner argues the proposed hourly rate is excessive and suggests it be reduced to $150.00 per hour. (R. Doc. 18 at 1).

Under the EAJA, the amount of attorney's fees awarded cannot exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The EAJA "vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on cost-of-living adjustments and other factors." *Yoes v. Barnhart*, 467 F.3d 426, 426 (5th Cir. 2006).

Plaintiff arrived at the proposed hourly rate by computing the increase in the Consumer Price Index ("CPI") cost of living between 1996 and 2013, "as reported by the Bureau of Labor Statistics." (R. Doc. 16-3 at 2). Based on Plaintiff's calculations, it would cost $171.26 in 2013 "to purchase the same amount of goods and services" that cost $125.00 in 1996. (R. Doc. 16-3 at 2).

2

Under the EAJA, any cost-of-living adjustment "must be made to reflect the appropriate [hourly] rate in the year in which the services were rendered," not the year the fees are awarded. *Perales v. Casillas*, 950 F.2d 1066, 1076 (5th Cir. 1992); *see also Tchemkou v. Mukasey*, 517 F.3d 506, 512 (7th Cir. 2008) ("A cost-of-living adjustment must be indexed to the year in which the fees are incurred, not to the year in which an award is made."). Plaintiff's adjusted rate of $171.26 is based on the CPI for 2013. However, none of the legal services were rendered in that year. Instead, 14 of the hours were worked in 2011 and 7 were worked in 2012. (R. Doc. 16-3 at 2). Beyond using the incorrect year to calculate the cost of living adjustment, Plaintiff's proposed rate reflects the maximum amount allowed under the statute, as opposed to the market rate, for 2013. *Robeaux v. Soc. Sec. Admin.* No. 12-2093, 2013 WL 6174489, at *2 (E.D. La. Nov. 21, 2013) ("$125 per hour "reflected the *maximum* rate that could be awarded under the statute" and any cost of living adjustment based off of that amount merely "contemplates the maximum [adjusted] rate that could be awarded").

Instead, the hourly rate of $150.00 proposed by the Commissioner is consistent with the rate generally applied by this Court and those in similar markets between 2011 and 2012. *See Brown v. Astrue*, No. 09-487, 2011 WL 612730, at *3 (M.D. La. Feb. 7, 2011) (rejecting plaintiff's adjusted rate of $174.62, which plaintiff based on the consumer price index, and recognizing the Middle District's general rate of $150.00 as of 2011); *Owen v. Colvin*, No. 12-1179, 2013 WL 6204270, at *2 (W.D. La. Nov. 27, 2013) (the recognizing hourly rate of $150.00 established in the Western District "for attorney work performed in 2008 and beyond"); *Harris v. Colvin*, No. 12-1730, 2013 WL 5961111, at *1 (W.D. La. Nov. 7, 2013) ($150.00). This rate is also consistent with Plaintiff's regular hourly rate of $150.00 in cases not taken on a

3

Case 3:11-cv-00617-RLB    Document 19    01/09/14    Page 3 of 6

contingent basis. (R. Doc. 16-3 at 1). Therefore, the Court finds that $150.00 is a reasonable rate for attorney's fees in this case.

### B.     Hours Reasonably Expended

Plaintiff moves for an award of attorney's fees to compensate for 21 hours of work. (R. Doc. 16-3 at 2). The "fee applicant bears the burden of documenting and supporting the reasonableness of all time expenditures for which" it seeks compensation. *Coleman v. Astrue*, No. 07-3624, 2009 WL 2914390, at *3 (E.D. La. Sept. 4, 2009). Here, Plaintiff's attorney provided an inexplicit summary of his legal work in this case. One entry vaguely describes 12 hours of work performed between August 5, 2011 and September 9, 2011 as: "Review of case record, research case law, regulations, social security rulings, verification and consult with client/receipt of filing fees." (R. Doc. 16-3 at 2-3). Nothing more specific, such as the amount of time devoted to each particular activity is given. Another 8 entries claim the attorney spent .25 hours to either review simple Court orders or documents or to transmit documents to opposing counsel.

The Supreme Court has instructed: "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Court have reduced fee awards where multiple tasks were lumped together in one entry or where "time entries were rounded to the nearest fifteen minutes" because these practices fail to "accurately reflect the number of hours spent on each task and [are] very likely to inflate the time Plaintiff's attorney devoted" to the case. *Brown*, 2011 WL 612739, at *2-3 (reducing billing increments from .25 to .10 for reviewing simple documents and court orders); *see also Hawkins v. Astrue*, No. 09-7460, 2010 WL 5375948, at *1 (E.D. La. Nov. 24, 2010) (same); *Hagan v. MRS Assocs., Inc.*, No. 99-3749, 2001 WL 531119, at *3 (E.D. La. May 15, 2001) (reducing

4

amount of hours worked by 10% where attorney billed in quarter-hour increments and "assigned a single block of time to multiple tasks" making it "impossible to determine the amount of time spent on a specific task").

Plaintiff's attorney not only billed in quarter-hour increments for reviewing and transmitting simple documents, but also lumped multiple tasks together in a single entry which spanned over a month's time. Based on these billing practices, the Court will reduce the 21 hours claimed by 10 percent — 2.1 hours — to 18.9 hours. *See Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326-27 (5th Cir. 1995) (reducing fee award by 10% for "inadequate documentation" and noting that litigants "take their chances" by submitting fee applications which are "vague as to precisely what was done"); *Hagan*, 2001 WL 531119, at *3 (reducing the overall fee award by 10% where attorney engaged in billing practices similar to Plaintiff's attorney). Therefore, Plaintiff will be awarded for 18.9 hours of his attorney's work at a rate of $150.00 an hour — a total of $2,835.00 in attorney's fees.

### C. Fee Award Payable to Plaintiff

Plaintiff asks the Court to award fees payable directly to his attorney. (R. Doc. 16-2 at 1). However, "a § 2412(d) fees award is payable to the litigant" and not the attorney because the award may be "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 130 S. Ct. 2521, 2524 (2010). The attorney's fees will be awarded and paid to Plaintiff, not his attorney.

## II. CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion for Attorney's Fees (R. Doc. 16) is **GRANTED IN PART** and **DENIED IN PART**. The Commissioner of the

Social Security Administration is **ORDERED** to pay **$2,835.00** (18.9 hours at $150.00 per hour) in attorney's fees to Plaintiff.

Signed in Baton Rouge, Louisiana, on January 9, 2014.

	RICHARD L. BOURGEOIS, JR.
	UNITED STATES MAGISTRATE JUDGE